**Albert PEREZ, Petitioner,**

v.

**Frank IRVIN, Superintendent, Wende Correctional Facility.**

**No. 90 Civ. 3602.**

United States District Court,
E.D. New York.

June 27, 1991.

B. Alan Seidler, Nyack, N.Y., for petitioner.

Charles J. Hynes, Dist. Atty., Kings County by Jane W. Sutley, Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Petitioner was found guilty of strangling a woman after breaking into her apartment. The evidence consisted of what were said to be three of his fingerprints at the scene and testimony that he had been observed near the apartment about the time of the crime.

The first trial resulted in a hung jury. At the second, the judge three times instructed the jury that if it had a reasonable doubt to a moral certainty it should acquit:

> if you should entertain a reasonable doubt, that is a doubt to a moral certainty of the guilt of the defendant ... then you would be—you must find the defendant not guilty and acquit him....

The charge in other particulars was correct. Objection was timely made to the judge's lapse, but he refused to take corrective action. The conviction was affirmed without opinion.

The state has the burden of proof "beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); *see also Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985). The seriousness of that burden has sometimes been emphasized by suggesting that the state must convince to a "moral certainty." This solemn phrase once had some epistemological warrant in weighting the scales of justice to favor the accused. *See* Shapiro, *"To a Moral Certainty": Theories of Knowledge and Anglo–American Juries 1600–1850*, 38 Hastings L.J. 153 (1986). It is now falling into disuse in favor of more sparse and possibly more comprehensible instructions.

As used by the court, the phrase benefited the prosecutor rather than the defendant. To acquit, the jury was mistakenly told, there must be a doubt rising to a level of "a moral certainty," rather than simply a reasonable doubt as to the defendant's guilt.

The use of doubt and moral certainty "in this manner and for this purpose would tend to create more confusion than light in the minds of the jury." *United States v. Byrd*, 352 F.2d 570, 575 (2d Cir.1965) (reversing on other grounds). It is reasonable to expect that the charge made it appreciably more difficult for the jury to conclude that it had a reasonable doubt, partially shifting the burden of proof away from the prosecutor. *See* Underwood, *The Thumb on the Scales of Justice: Burdens of Persuasion in Criminal Cases*, 86 Yale L.J. 1299, 1309–10 (1977) ("instruction can affect the outcome of the case").

*Winship* remains undiluted. It requires a finding that the error was constitutional. In view of the failure to convict on the same evidence at the first trial, the error was not harmless.

No objection has been raised by the respondent on the ground that petitioner failed to present the issue in constitutional terms at the state level. The citation of four pre-*Winship* federal cases in the defendant's state appellate brief (pp. 12–13) was not adequate to alert the Appellate Division to the problem. Nevertheless, the claim was sufficiently particular to "call to mind" the error in the jury charge which implicated a "specific right protected by the Constitution," and was "well within the mainstream of constitutional litigation." *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982). The issue was fairly presented at the state level.

**92**

The petition is granted. Defendant shall be released unless he is tried within sixty days of the completion of appeals.

So ordered.